Filed 12/3/24   P. v. Graham CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B327105 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. BA501506 |
| JOHN GRAHAM, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, David R. Fields, Judge. Affirmed.

Gabriel Silvers, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Stephanie A. Miyoshi and Susan S. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION AND PROCEDURAL BACKGROUND

The Los Angeles County District Attorney filed an information charging defendant and appellant John Graham with possession of a firearm by a felon, and alleging he had previously been convicted of five felonies. (Pen. Code, § 29800, subd. (a)(1).)[1] The jury found him guilty, and the trial court sentenced him to a midterm of two years in state prison. Graham timely appealed. On appeal he argues: (1) his conviction violated the Second Amendment; and (2) the trial court erred by admitting evidence that, when police discovered the firearm in Graham's car, they also discovered marijuana and over $4,000 in cash. We reject these contentions and affirm the judgment.

## FACTUAL BACKGROUND

On July 21, 2021, around 8:00 p.m., Graham was driving an Audi with two passengers in the car, when Los Angeles Police Officer Emanuel Ramirez conducted a traffic stop. As Officer Ramirez approached the Audi, he smelled the strong odor of what he believed was marijuana, and he saw multiple jars containing marijuana under the front passenger seat.

Officer Ramirez searched the Audi and discovered a loaded firearm. The gun had a bullet in the chamber. Officer Ramirez also found two jars of marijuana under the front passenger seat and a bag of marijuana in the glove compartment. Officer Ramirez and his partner placed Graham under arrest, and when they patted him down, they discovered over $4,000 in cash in his pocket.

---

[1] The five prior felony convictions all involved sale of narcotics. (Health and Saf. Code, §§ 11351, 11351.5, 11352, 11361.)

After being advised of and waiving his *Miranda*[2] rights, Graham at first denied the gun was his, but eventually admitted it belonged to him and not either of the two passengers. The police interview during which Graham admitted the gun belonged to him lasted roughly 10 minutes.

The parties stipulated Graham had sustained a prior felony conviction in 2017 for unlawful possession of a controlled substance for sale. (Health and Saf. Code, § 11351.)

## DISCUSSION

### I. Graham's conviction for possession of a firearm by a felon did not violate the Second Amendment

Relying on the United States Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n v. Bruen* (2022) 597 U.S. 1 (*Bruen*), Graham argues his conviction for possession of a firearm by a felon violated the Second Amendment and must be reversed. Specifically, he argues the California statute prohibiting felons from possessing firearms is unconstitutional as applied to him because he was a "non-violent narcotics user, a class of crime that did not exist historically" when the Second Amendment was enacted.

We reject this argument. As *Bruen* itself notes, "the Second Amendment is [not] a regulatory straightjacket . . . ." (*Bruen, supra,* 597 U.S. at p. 30.) And as the Supreme Court previously explained, nothing in its jurisprudence "should be taken to cast doubt on the longstanding prohibitions on the possession of firearms by felons . . . ." (*District of Columbia v. Heller* (2008) 554

---

2     *Miranda v. Arizona* (1966) 384 U.S. 436.

U.S. 570, 626; accord *McDonald v. City of Chicago* (2010) 561 U.S. 742, 786.)

## II. The trial court did not err in admitting evidence that Graham had money and marijuana in addition to a gun. In any event, the admission of the evidence was harmless

Graham also argues the trial court abused its discretion under Evidence Code sections 210, 350, and 352, and violated due process, when it declined to exclude evidence that Graham, at the time of his arrest, had marijuana and cash in his possession. We reject these contentions.

### A. Background

Before trial, Graham filed several motions in limine. He argued, among other things, that evidence that he had over $4,000 in his pocket at the time of his arrest should be excluded under Evidence Code section 352. He also sought exclusion, under the same statute, of evidence of the amount of marijuana discovered in his car at the time of his arrest.

The parties discussed Graham's motions in limine in court. The trial court noted Graham's objections to the money and marijuana evidence were made under both state and federal constitutional law.

In ruling the evidence was admissible, the trial court explained:

> I am prepared to allow the [marijuana] [ ] evidence . . . . I [ ]
> find [ ] the [marijuana] evidence has probative value [that]
> substantially outweighs any possible prejudice. I don't find
> it necessitates an undue consumption of time or creates a

substantial danger of undue prejudice, and I think the [marijuana evidence] is appropriate . . . to allow the People to try to prove . . . their theory of why [Graham] may have had a firearm. [¶] . . . . [¶] In addition, [the People] can [introduce] into evidence the amount of cash found on [Graham] . . . . I just don't find that there's a substantial danger of undue prejudice. The jury knows he's charged with a firearm offense, [and] I think we have to round out a picture for the jury as to what exactly the officers found in the car [when] they found the gun in the car . . . .

The court noted that, although the exact weight of the marijuana would not be admitted, the prosecution could introduce evidence that the marijuana was in fact discovered.

## B. Relevant law

"'Relevant evidence' means evidence . . . having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action." (Evid. Code, § 210.) Only relevant evidence is admissible. (Evid. Code, § 350.) Evidence Code section 352, however, provides, in pertinent part: "The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will . . . create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury."

A trial court's decision on whether to exclude evidence under Evidence Code sections 210, 350, and 352 is reviewed for abuse of discretion. (*People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 405.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable

5

person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)

### C. Analysis

We reject Graham's contention that the trial court abused its discretion by admitting the evidence of the money and marijuana. As noted above, the trial court concluded that evidence was relevant to the prosecution's case because it gave the full story of what happened, which was that Graham apparently possessed the gun in order to guard his money and marijuana. This was neither arbitrary nor irrational. Because the evidence was lawfully admitted, we reject Graham's contention that its admission violated any of his constitutional rights.

Even if admission of the evidence was error, it was harmless because Graham admitted to police that it was his gun and stipulated to a prior felony conviction. Because he admitted all the elements of the charged offense (being a felon in possession of a firearm), it is not reasonably probable that he would have obtained a more favorable result absent admission of the challenged evidence. (*People v. Watson* (1956) 46 Cal.2d 818, 836.)[3]

---

3    Indeed, even if the more rigorous harmless error standard for constitutional violations applied here, we would find the error harmless beyond a reasonable doubt under that standard. (See *Chapman v. California* (1967) 386 U.S. 18, 24.)

## DISPOSITION

The judgment is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

CURREY, P. J.

We concur:

COLLINS, J.

MORI, J.

7